UNIVERSAL CIT CREDIT CORP. *v.* HUDGENS.

5-2603                                                     356 S. W. 2d 658

Opinion delivered February 19, 1962.

[Supplemental opinion on rehearing April 30, 1962, 234 Ark. 1127.]

*Norton & Norton,* for appellant.

*Giles Dearing,* for appellee.

GEORGE ROSE SMITH, J.   On May 21, 1959, the appellees, Anson Hudgens and his daughter, bought a used Ford car from E. W. Mack, doing business as West Memphis Auto Sales. The conditional sales contract executed by the purchasers was transferred by Mack to the appellant finance company the next day. None of the monthly payments were made by the purchasers, who insist that they were defrauded. The appellant brought this action in replevin to recover the car. The case was transferred to equity, where the chancellor canceled the contract for fraud in its procurement and for usury. We do not reach

the issue of usury, for we have concluded that the decree must in any event be affirmed upon the finding of fraud.

It should be stated at the outset that the appellant does not and cannot invoke the protection afforded to the holder of a negotiable instrument. No promissory note is involved, and the conditional sales contract is not negotiable, as it does not contain an unconditional promise payble to order or bearer. *Gale & Co.* v. *Wallace,* 210 Ark. 161, 194 S. W. 2d 881. Hence, as we held in the case cited, the appellant holds the contract subject to defenses available against the original seller.

If the execution of the contract was induced by fraud it was properly canceled. *Gentry* v. *Little Rock Road Mach. Co.,* 232 Ark. 580, 339 S. W. 2d 101. Here, as in the *Gentry* case, the purchasers testified that the seller represented the vehicle to be in good condition, when in fact it needed extensive repairs. Mack's salesman gave the appellees a signed memorandum stating that the seller had given a 30-day guarantee on the motor, transmission, and rear end; but when the dissatisfied purchasers brought the car back within a few days Mack refused to repair it unless the buyers would bear half the expense.

A more serious charge of fraud is the appellees' assertion that Mack's salesman, Harris, induced them to sign the contract in blank and then filled it in for $300 more than the agreed purchase price of $1,095. As a witness for the appellant Harris admitted that the contract was signed in blank and was left with him for completion, but he insisted that the figure which he inserted as the purchase price, $1,395, was in accordance with the parties' agreement.

No useful purpose would be served by a detailed discussion of the conflicting testimony. Hudgens, his daughter, and his son were all present when the car was bought, and all three testified to facts amply supporting the charge of fraud. Their version of the matter is contradicted only by the salesman, Harris. After study-

ing the record we cannot say that the evidence adduced by one side is essentially more credible than that adduced by the other. The chancellor had the great advantage of observing the witnesses as they testified. His findings do not appear to us to be against the weight of the evidence.

Affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice, concurring. My study of this case convinced me that the transaction was clearly usurious, and I rest my affirmance on that ground. As to the fraud matter, I express no opinion.