**GENERAL ELECTRIC CREDIT COR-PORATION, Appellee,**

v.

**David ROBBINS, Appellant.**

**No. 19473.**

United States Court of Appeals Eighth Circuit.

Aug. 11, 1969.

Edward Lester, of Lester & Shults, Little Rock, Ark., for appellant.

Abner McGehee, of Cockrill, Laser, McGehee, Sharp & Boswell, Little Rock, Ark., for appellee.

Before VAN OOSTERHOUT, Chief Judge, GIBSON, Circuit Judge, and MILLER, Senior District Judge.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal by defendant Robbins from final judgment for $32,-000.00 and interest and costs entered against him in favor of plaintiff, General Electric Credit Corporation, in a suit it brought against Robbins. Jurisdiction based on diversity of citizenship is established.

Robbins' liability is predicated upon a written guaranty agreement given to and accepted by plaintiff wherein Robbins guaranteed payment up to $32,000.-00 of obligations incurred by Ureal A. Hacker and Norma E. Hacker, d/b/a

Hackers of Arkansas, to plaintiff under a written contract. It is established that plaintiff suffered losses on the contract in excess of $32,000.00 due to Hackers' failure to account for collections made and credit losses on accounts.

Robbins' defense relied upon in the trial court and here is that the transaction between plaintiff and Hackers which he guaranteed constituted a usurious loan made by plaintiff to Hackers and hence void under Arkansas law.

Article 19, Section 13 of the Constitution of Arkansas provides:

"All contracts for a greater rate of interest than ten percent per annum shall be void, as to principal and interest * * *"

The Arkansas Supreme Court has consistently held that an agreement on the part of a lender to receive or a borrower to give for the use of money a greater rate of interest than 10% per annum is usurious and void. Ford Motor Credit Company v. Catalani, 238 Ark. 561, 383 S.W.2d 99, 11 A.L.R. 3d 1494.

The trial court determined that the plaintiff purchased the Hacker notes and accounts from Commercial Discount Corporation and that the transaction did not constitute a loan but a purchase of the Hacker notes and accounts, and hence the usury laws are not applicable. There is no substantial evidential support for the court's determination that the Hacker notes and accounts were purchased from Commercial Discount Corporation. Plaintiff's attorney, Mr. McGehee, made the following statement in the trial court:

"I did write the Court yesterday with reference to the defendant's defense of usury. After discussing this at length with my client, I did state in the letter it was our position that these accounts were purchased from Commercial Discount Corporation. I feel that this was incorrect. They were purchased from Hackers, not Commercial Discount. I wanted to clear that up."

Defendant Robbins to prevail upon his usury defense has the burden of establishing each of the following propositions:

1. That the transaction between Hackers and plaintiff was not a bona fide sale, but was in truth and substance a loan.

2. That the loan carried a greater rate of interest than 10% per annum.

The facts are rather complex and will be stated only summarily. Hackers were engaged in the furniture business at Little Rock, Arkansas at the time of the material transactions. They sold a good deal of merchandise on a credit basis and in most instances took a conditional sales contract or security. There is no contention that the obligations Hackers took from their customers are usurious. In order to finance its obligations, Hackers had assigned the bulk of their conditional sales contracts and accounts receivable to Commercial Discount Corporation. Hackers became dissatisfied with that arrangement. Pursuant to negotiations plaintiff agreed to "purchase" accounts receivable representing a sum of $566,140.72. From this sum a purchase charge or discount of $52,124.07 was taken. Hackers were given a check for $495,567.73 which was endorsed and handed to Commercial Discount Corporation for the surrender and release of items previously assigned to it. Plaintiff paid Hackers $8,500.00 and the balance of $9,948.92 was retained by plaintiff as a reserve fund to be used to the extent necessary to absorb losses sustained on the items assigned.

The usury contention arises out of the $9,948.92 held as a reserve. Under the contract Hackers could not draw on this reserve. They would only be entitled to the reserve after all assigned accounts and obligations had been settled or upon plaintiff's voluntary release thereof. The parties stipulated:

"Mr. Lester (attorney for Robbins): I believe we can stipulate that if the $9,948.92 held as a reserve is considered * * * I am assuming it is

characterized as a loan * * * but if that reserve were considered as not part of the advance, then the overall charge would exceed 10%.

"Mr. McGehee (attorney for General Electric); I would stipulate that if the Court finds the reserve account was interest charge it would exceed 10%. If it's not it does not.

"Mr. Lester: By the same token we are stipulating that there is no usury question unless it does."

The stipulation is somewhat ambiguous. It does, however, reflect that no usury is involved unless usury results from the holding of the reserve. Obviously, the reserve account does not constitute interest received. Robbins in brief concedes: "If Hacker had received loan proceeds of $514,016.65 ($566,140.-72 less the purchase charge of $52,124.-07) the loan would have been valid as the interest would have been exactly 10% per annum." Thus if the transaction is in fact a loan, interest was charged on the $9,948.92 reserve and if such charge is improper under Arkansas law the 10% limit would be exceeded. This issue is raised, but not decided in Universal C.I.T. Credit Corporation v. Hudgens, 234 Ark. 668, 1127, 356 S.W. 2d 658, 661. See Pellerin Laundry Machinery Sales Company v. Hogue, W.D. Ark., 219 F.Supp. 629.

We believe that a fact issue is presented on the issue of whether the transaction between plaintiff and Hackers is a bona fide purchase and sale or a loan. As stated in Webster v. Sterling Finance Company, 355 Mo. 193, 195 S. W.2d 509, quoted and followed by the Arkansas Supreme Court in Haley v. Greenhaw, 235 Ark. 481, 360 S.W.2d 753, 757:

" 'The law will not tolerate any camouflage disguising a usurious transaction to make it seem innocent. "The law looks at the nature and substance of the transaction, and not to the color or form which the parties in their ingenuity have given it. No imaginable act or contrivance to cover up and conceal the usury will avail the parties." ' "

In Haley v. Greenhaw the court refused to find as a matter of law that the purported sale of a note and mortgage of $17,500.00 for $13,500.00 was a usurious loan. In that case the seller assumed liability for payment by an unqualified endorsement. The court states: "The penalty for a usurious transaction is indeed heavy, and should therefore be established by clear and convincing evidence." The court points out language manifesting a sale and then observes:

"Of course, this language does not conclusively mark the transaction as a sale, but as previously stated, the burden is upon appellant to establish usury. As was said in Hare v. General Contract Purchasing Corporation, 220 Ark. 601, 249 S.W.2d 973, 'Therefore, when the intention is not apparent, it is a question for the jury to determine, whether it was a bona fide credit sale, or a device to cover usury.' " 360 S.W.2d 757.

In Evers v. Guaranty Investment Co., 244 Ark. 925, 428 S.W.2d 68, a summary judgment in favor of defendant purchaser determining that the transfer by an automobile dealer of conditional sales notes received from customers resulted in the sale and not a usurious loan was reversed. The court held that genuine fact issues were presented and hence a summary judgment was improper. In Universal C.I.T. Credit Corporation v. Hudgens, supra, the court holds: "A mutual agreement for unlawful interest is not necessary to constitute usury, but 'there must have been an intention on the part of the lender to take or receive more than the legal rate of interest.' Bauer v. Wade, 170 Ark. 1020, 282 S.W. 359." Page 661, 356 S.W.2d.

The written contract in our present case is ambiguous with respect to whether the transaction is a sale or a loan. The contract is written in terms as a sale, but there is language in the contract which is more usually found in loan agreements. No purpose will be

served in setting out and discussing here the lengthy contract. Additionally, oral evidence was received upon the intent of the parties and the surrounding circumstances.

■ The trial court because of its determination that plaintiff had purchased the Hacker items from Commercial Discount Corporation did not resolve the issue we deem pertinent here to-wit: whether the transaction between plaintiff and Hackers was a bona fide sale or a loan. Resolution of fact issues including the proper inferences to be drawn from the facts should be made by the trial court. Twin City Federal Savings & Loan Association v. Transamerica Insurance Company, 8th Cir., 413 F.2d 494 (July 25, 1969). The judgment appealed from is vacated and the case is remanded to the trial court for determination of such issue.

The trial court did not reach or pass upon the issue of whether in event the transaction is a loan, the interest is usurious. Whether the modest amount of reserve here held (less than 2%) would make the transaction usurious presents a doubtful question of Arkansas law, which the trial court should resolve upon the basis of the facts and Arkansas law in event it holds that the transaction between plaintiff and Hackers is a loan.

We express no view on the merits of the issues presented by this case. We leave it to the discretion of the trial court upon remand to determine whether the findings which we have required should be based on the record heretofore made or whether the parties be afforded an opportunity to offer additional evidence.

The judgment entered is vacated. This case is remanded to the trial court for the purpose of making the findings we have required and for further proceedings not inconsistent with the views expressed in this opinion.