DeMARCO *v.* UNITED STATES

No. 73–5684. Decided March 18, 1974

PER CURIAM.

At petitioner's trial, a Government witness who had been indicted with petitioner, testified that the Government had made no promises to him with respect to the disposition of his case. Petitioner was convicted and he appealed. Meanwhile, the witness had pleaded guilty to a lesser charge contained in a superseding indictment; and at the witness' sentencing hearing, the United States Attorney made certain statements that petitioner interpreted as proving that promises had been made to the witness prior to his testimony and that the witness had testified falsely at petitioner's trial. Without presenting the matter to the District Court, petitioner pressed the ques-

tion in the Court of Appeals. That court accepted the tendered issue, examined the transcript of the hearing at which the witness was sentenced, considered the Government's response in the Court of Appeals and, although the prosecutor's remarks were deemed ambiguous and the question thought to be a "close" one, concluded that no promises had been made to the witness prior to the witness' testimony at petitioner's trial.

Unquestionably, had there been a promise to the witness prior to his testimony, *Giglio* v. *United States,* 405 U. S. 150 (1972), and *Napue* v. *Illinois,* 360 U. S. 264 (1959), would require reversal of petitioner's conviction. It is also clear that there was a plea bargain between the witness and the Government at some point, the question being whether it was made after or before petitioner's trial. This factual issue was dispositive of the case, and it would have been better practice not to resolve it in the Court of Appeals based only on the materials then before the court. The issue should have been remanded for initial disposition in the District Court after an evidentiary hearing.* We therefore grant the petition for certiorari and the motion to proceed *in forma pauperis,* vacate the judgment of the Court of Appeals, and remand the case to that court with instructions to remand the case to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

*The Government's response to the petition for certiorari agrees that factfinding is the basic responsibility of district courts, rather than appellate courts, and that the Court of Appeals should not have resolved in the first instance this factual dispute which had not been considered by the District Court. See, *e. g., General Electric Credit Corp.* v. *Robbins,* 414 F. 2d 208, 211 (CA8 1969); *Yanish* v. *Barber,* 232 F. 2d 939, 946–947 (CA9 1956). See also 5A J. Moore, Federal Practice ¶ 52.06 [2] n. 1 (2d ed. 1974).

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and MR. JUSTICE POWELL join, dissenting.

Petitioner was convicted in the District Court of trafficking in illegal narcotics in violation of the provisions of 21 U. S. C. § 174 (1964 ed.). The Court of Appeals summarily rejected petitioner's attacks on the sufficiency of the evidence to convict him, and dealt in detail only with the *Giglio* issue upon which this Court decides to vacate and remand for consideration by the District Court. As the Court notes, this was a "factual issue," *ante,* at 450, and raises no question whatever of general importance in the law. Commonly I would expect this petition to be denied for those reasons.

The Solicitor General, however, has filed a response in this Court which, though entitled "Memorandum in Opposition," incorporates in a footnote a backhanded invitation to the Court to follow the course which it has now taken. It is well established that this Court does not, or at least should not, respond in Pavlovian fashion to confessions of error by the Solicitor General. See, *e. g., Young* v. *United States,* 315 U. S. 257 (1942); *Gibson* v. *United States,* 329 U. S. 338, 344 n. 9 (1946). I believe there could not be a plainer case than this one for the invocation of the doctrine of invited error. For whatever may be the proper allocation of factfinding responsibilities between the Court of Appeals and the District Court, petitioner deliberately chose to raise this largely factual issue for the first time in the Court of Appeals and to seek decision upon it there. That the Court of Appeals responded to the invitation is scarcely grounds for any claim of error here. I would deny certiorari.