552 F.2d 918
 14 Fair Empl.Prac.Cas. 763,
13 Empl. Prac. Dec. P 11,567
CHICANO POLICE OFFICER'S ASSOCIATION et al., Plaintiffs-Appellants,
v.
Robert V. STOVER, Chief of Police, Albuquerque Police
Department, et al., Defendants-Appellees.
 No. 74-1169.
 United States Court of Appeals,
Tenth Circuit.
 March 2, 1977.
Rehearing and Rehearing En Banc Denied April 14, 1977.
 
 Ray M. Vargas, Atty., Albuquerque, N. M. (Richard Bosson, Albuquerque, N. M., Vilma S. Martinez, Sanford Jay Rosen and Drucilla S. Ramey, San Francisco, Cal., and Joseph R. Grodin, San Francisco, Cal., of counsel, University of California Hastings College of Law, on the brief), for plaintiffs-appellants.
 William S. Dixon, Albuquerque, N. M. (Frank L. Horan, and Rodey, Dickason, Sloan, Akin & Robb, P. S. and Duane C. Gilkey, Albuquerque, N. M., on the brief), for defendants-appellees.
 Before SETH, HOLLOWAY and DOYLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 On consideration of the petition for certiorari and the response thereto, the Supreme Court vacated our judgment and remanded this case to us for further consideration in light of Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597. Stover et al. v. Chicano Police Officer's Association, et al., 426 U.S. 944, 96 S.Ct. 3161, 49 L.Ed.2d 1181. After receipt of the mandate we directed the filing of further briefs and that of plaintiffs-appellants, of defendants-appellees, and a reply brief, have been filed. On consideration of Washington v. Davis, the additional briefs and the record before us, we will make the disposition we feel proper pursuant to the mandate of the Supreme Court.
 
 
 2
 The facts need not be reviewed in detail since they were fully stated in our prior opinion. See 526 F.2d 431. It suffices to note that this civil rights suit essentially challenged the hiring and promotion practices of the Albuquerque, New Mexico, Police Department as being allegedly discriminatory against Spanish-speaking and Spanish surnamed Americans (Chicanos), and thus in violation of the Equal Protection Clause of the Fourteenth Amendment. The suit sought declaratory and injunctive relief and was brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, jurisdiction being founded on 28 U.S.C. § 1343(3) and (4). Plaintiffs made no claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e et seq. We disagreed with the trial court on rejection of a claim of standing to challenge hiring practices for entry in the police force, the exclusion of certain evidence, and the ultimate findings and conclusions made. We vacated the findings, conclusions and judgment and remanded for further proceedings.
 
 
 3
 The error in our holding and the views expressed by us is clear. We stated that we agreed ". . . with the view that the measure of a claim under the Civil Rights Act is in essence that applied in a suit under Title VII of the Civil Rights Act of 1964." 526 F.2d at 438. This was contrary to the principal holding that came in Washington v. Davis, supra at 426 U.S. 238, 96 S.Ct. 2040. All of our reasoning and treatment of the case which proceeded from the erroneous standard must be corrected. For that purpose we note the admonition that the Court has ". . . not embraced the proposition that a law or other official act, without regard to whether it reflects a racially discriminatory purpose, is unconstitutional solely because it has a racially disproportionate impact." Washington v. Davis, supra at 239, 96 S.Ct. at 2047.
 
 
 4
 The recent briefs submitted to us in the case since the remand from the Supreme Court have urged several positions. The plaintiffs argue first that the facts of the case in the present record show a purpose to discriminate, that the testimony of experts and the figures demonstrate a discriminatory impact on Spanish-surnamed Americans, and that there was no showing of a validation of the challenged examinations as job-related. They say that for these reasons we should reaffirm our prior disposition and remand for further proceedings. (Brief of Plaintiffs-Appellants 6, 8, 11, 14). In their reply brief, however, plaintiffs take the position that they need not establish specific intent to deprive plaintiffs of their rights or to injure them and that we should "determine that the evidence before (us) establishes a constitutional violation and that the decision of the District Court be held to be error." (Reply Brief of Plaintiffs-Appellants 3).
 
 
 5
 The Defendants-Appellees argue that the decision of the trial court for the defendants must be affirmed under Washington v. Davis, that a discriminatory purpose was not alleged or proved, that there was no evidence to show that the construction and use of the tests were intended to exclude Chicanos from high level positions in the department, and that the testimony on the contrary showed no such intent in the construction and use of the tests, so that there was no constitutional violation (Brief of Defendants-Appellees Upon Remand 3, 7, 9).
 
 
 6
 We cannot agree with the position taken by either side. We should not, as plaintiffs suggest, make a finding or determination as to whether the evidence showed a constitutional violation under the standard now laid down. That question as it is now framed under Washington v. Davis was not addressed by the earlier findings of the trial court. Such fact-finding is the responsibility of the trial court and not for us to resolve in the first instance. DeMarco v. United States, 415 U.S. 449, 450, 94 S.Ct. 1185, 39 L.Ed.2d 501.
 
 
 7
 On the other hand, we feel it unfair to search the present record with a view to possible affirmance of judgment against the plaintiffs, as defendants suggest. The proper test for the case was not in the minds of the parties at trial it seems, just as it was misjudged by us. We feel that permitting the parties to make a further presentation under the test now made clear by Washington v. Davis is the proper and just disposition for us to make. See Hormel v. Helvering, 312 U.S. 552, 558-59, 61 S.Ct. 719, 85 L.Ed. 1037; Donald v. Madison Industries, Inc., 483 F.2d 837, 845-46 (10th Cir.). In such proceedings the trial court may permit amendments as to claims and defenses to protect the rights of the parties. Bryan v. Austin, 354 U.S. 933, 77 S.Ct. 1396, 1 L.Ed.2d 1527, and may consider further proof.
 
 
 8
 We must reconsider some of the points ruled on in our prior opinion which would have a bearing on further proceedings, and of course in doing so we must follow the principles of Washington v. Davis. First, the ruling that plaintiffs had standing to challenge the entry level hiring procedures was not a matter related to any issues decided in Washington v. Davis. We feel that holding is unaffected and stands and should be taken into account in further proceedings.
 
 
 9
 Further, we held that the exclusion of proof concerning examinations from 1966 to 1971 as irrelevant was error. Insofar as the trial court's ruling may have been based on reasoning (which was argued by defendants) that intervening different examinations made the older ones irrelevant, we still feel that such a basis for exclusion is wrong; otherwise changes could always be made so as to insulate unconstitutional practices from review. However, except for ruling out that basis of exclusion which we view as untenable, we feel we should leave the ruling on any such relevancy objection to the trial court in light of Washington v. Davis[1] and circumstances before the court when it reconsiders the case. We likewise leave the remaining evidentiary points which our earlier opinion covered to the trial court's reconsideration under the guidance we now have from the Supreme Court, taking into account further proof offered and more current circumstances about the case which the trial court will have the advantage of weighing.
 
 
 10
 Accordingly, the trial court's earlier findings, conclusions and judgment are set aside and the case is remanded for further proceedings in accordance with the principles of Washington v. Davis, and this opinion.
 
 ON PETITION FOR REHEARING
 
 11
 In their petition for rehearing Defendants-Appellees claim that the remand provided by our per curiam is in error, arguing that a remand was refused in Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 and that therefore one must not be made here.
 
 
 12
 The remand sought there was "for the purpose of further inquiry into whether the training program test scores, which were found to correlate with Test 21 scores, are themselves an appropriate measure of the trainee's mastership of the material taught in the course and whether the training program itself is sufficiently related to actual performance of the police officer's task." 426 U.S. at 252, 96 S.Ct. at 2053. The Court denied that remand because the District Court's judgment was warranted by the record, the Court saw no good reason to reopen it, and changes had occurred. Ibid. The opinion had earlier cited the District Court's rejection of the view that Test 21 was culturally slanted to favor whites and to its finding that it was satisfied that the undisputable facts prove the test to be "reasonably and directly related to the requirement of the police recruit training program and that it is neither so designed nor operates to discriminate against otherwise qualified blacks." 426 U.S. at 235-36, 96 S.Ct. at 2045. And the District Court concluded that proof was wholly lacking that a police officer "qualifies on the color of his skin rather than ability." Id. at 236, 96 S.Ct. at 2046.
 
 
 13
 Thus, the issue on which remand was sought and denied in Washington v. Davis had been dealt with in the findings, which the record supported. That is different from our problem. This case had not been tried on the issue of discriminatory intent and the finding in no way dealt with it. We remain convinced the most equitable disposition is the remand we have provided for, permitting the issue to be developed in light of the standard made clear by the Court in Washington v. Davis. To close the case without proof or findings on the critical issue, and to leave the judgment standing with its collateral and preclusive effects, would be unduly harsh. Accordingly the petition for rehearing is denied by Judges Seth, Holloway and Doyle.
 
 
 14
 The petition for rehearing having been denied by the original panel to whom the case was argued and submitted and no member of the panel nor judge in regular service on the Court having requested that the Court be polled on rehearing en banc, Rule 35, Federal Rules of Appellate Procedure, the suggestion for rehearing en banc is denied.
 
 
 
 [1]
 Such proof about the examinations may be considered for its relevance as support for the constitutional claim even though it does go to show disproportionate impact. The Court emphasized that such impact is not irrelevant, although not the sole touchtone of invidious discrimination. See 426 U.S. at 241-42, 96 S.Ct. 2040