NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1206

F & G RESEARCH, INC.,

Plaintiff-Appellant,

v.

PATEN WIRELESS TECHNOLOGY, INC.,

Defendant-Appellee.

Allen D. Brufsky, Allen D. Brufsky, P.A., of Naples, Florida, argued for plaintiff-appellant.

Anne M. Devens, Reed Smith LLP, of Falls Church, Virginia, argued for defendant-appellee.  On the brief was Alexander Y. Thomas.

Appealed from:  United States District Court for the Southern District of Florida

Judge Cecilia M. Altonaga

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1206

F & G RESEARCH, INC.,

Plaintiff-Appellant,

v.

PATEN WIRELESS TECHNOLOGY, INC.,

Defendant- Appellee.

_____

DECIDED: October 15, 2007

_____

Before SCHALL, BRYSON, and MOORE, Circuit Judges.

PER CURIAM.

Plaintiff F&G Research, Inc., filed suit against Paten Wireless Technology, Inc., charging Paten with infringement of F&G's patent on a computer mouse and a related method "for concurrent cursor position and scrolling control." After a variety of procedural steps, the United States District Court for the Southern District of Florida dismissed the complaint on the ground that F&G had failed to establish that the court had personal jurisdiction over Paten. F&G appealed. We affirm.

With respect to the issue of personal jurisdiction, F&G alleged that Paten, a Taiwanese corporation, had committed acts of patent infringement in the Southern

District of Florida; in particular, it contended that Paten was committing those acts of infringement by distributing and selling various types of scrolling ware computer mice. Paten argued that the district court lacked personal jurisdiction over it. Paten offered evidence that it does not do business in Florida, does not have contracts with Florida entities, does not have contracts to provide goods and services in Florida, conducts no licensing in Florida, does not ship products to Florida, has never received a request from a Florida-based person or company to purchase its products, does not sell any of its products in Florida, and has never sold any of the allegedly infringing devices in Florida.

In response, F&G introduced evidence that Paten sells computer mice to four companies: Logitech, Targus, Belkin, and Creative Technology. It also introduced an affidavit of its lawyer in which he stated that he had purchased allegedly infringing Logitech, Targus, and Belkin brand computer mice from stores in Naples and Fort Lauderdale, Florida. Finally, F&G offered Paten's admissions in responses to interrogatories that it ships computer mice to Logitech, Targus, Belkin, and Creative Technology in various states in the United States (not including Florida).

Paten argued to the district court that F&G had not shown that the products Paten manufactures are sold in Florida and that for that reason F&G had failed to establish that the court had personal jurisdiction over the defendant. The district court agreed. The court held that under the applicable Florida long-arm statute, F&G had not shown that the court had either specific or general jurisdiction over Paten, because there had been no showing that Paten had the requisite connection with Florida, either

generally or in connection with the particular cause of action asserted in the complaint.[1]

In particular, the court explained that "the mere existence of licensing arrangements and invoices with four U.S. customers does not show that the alleged tortious acts occurred in Florida. That F&G's counsel found products of Paten's U.S. customers for sale in Florida does not establish that [those customers] sell mice in Florida manufactured by Paten."

In determining whether it has personal jurisdiction over a defendant, a federal district court looks to whether the particular state's long-arm statute would give a state court either specific or general jurisdiction over the defendant and, if so, whether due process principles permit the assertion of personal jurisdiction over the defendant under the state's long-arm statute. In this case, the district court held that, based on the factual showing before it, the applicable Florida long-arm statute did not give the court personal jurisdiction over Paten.

In seeking to overturn the district court's ruling, F&G contends that it sufficiently proved that Paten sells infringing goods to customers in other parts of the United States and that those customers ship those goods, directly or indirectly, to Florida where they are sold to retail customers. As the district court held, however, the evidence before the court was not sufficient to show what F&G contended. The evidence showed that accused products were sold in Florida and that Paten had contracts with several U.S. companies—Logitech, Belkin, Targus, and Creative Technology, Ltd.—to manufacture

---

[1]    The district court addressed whether it had general jurisdiction under Fla. Stat. § 48.193(2) or specific jurisdiction arising out of tortious acts committed within Florida under Fla. Stat. § 48.193(1)(b).

products for them.  What the evidence failed to show, however, was that the products sold in Florida were manufactured by Paten.

On appeal, F&G argues that printed copies of information purportedly from the websites of Logitech, Belkin, Targus, and Creative Technology fill in the gap in proof and establish that Paten's products were sold by those four companies in Florida.  The copies of the website information, however, were not offered to the district court in connection with the motion to dismiss the complaint.  Instead, that material was submitted for the first time to this court on appeal.  F&G acknowledges that the material is new, but asks this court to take judicial notice of the material and to consider it in resolving the personal jurisdiction issue.

We decline to do so.  Judicial notice is proper only with respect to facts that are not subject to reasonable dispute in that they are either generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  Even if the information on the companies' websites qualifies as information from a source whose accuracy cannot reasonably be questioned, the problem with that information is that it was not offered to the district court, and that court therefore was not able to make a determination as to its relevance and weight.  In a setting such as this, the determination whether sales were made in a particular jurisdiction is a jurisdictional fact that, upon challenge, must be proved by a sufficient evidentiary showing in the district court.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  Our task is to review fact-findings made by the district court with respect to jurisdictional facts, applying the clear error standard.  Pieczenik v. Dyax Corp., 265 F.3d 1329, 1334 (Fed. Cir. 2001); see also

2007-1206                                          4

<u>Banks v. United States</u>, 314 F.3d 1304, 1307-08 (Fed. Cir. 2003); <u>Cedars-Sinai Med. Ctr. v. Watkins</u>, 11 F.3d 1573, 1584 (Fed. Cir. 1993). Although we have the responsibility to attend to questions of jurisdiction, and even to do so <u>sua sponte</u> when appropriate, we are not authorized to conduct <u>de novo</u> fact-finding, a matter that is not within the scope of an appellate court's authority. See <u>Icicle Seafoods, Inc. v. Worthington</u>, 475 U.S. 709, 714 (1986); <u>Pullman-Standard v. Swint</u>, 456 U.S. 273, 291-92 (1982), quoting <u>DeMarco v. United States</u>, 415 U.S. 449, 450 n.* (1974) ("[F]actfinding is the basic responsibility of district courts, rather than appellate courts, and . . . the Court of Appeals should not have resolved in the first instance this factual dispute which had not been considered by the District Court."). The information that F&G has submitted to us on appeal is simply run-of-the-mine evidentiary matter that is routinely required to be offered in the trial court, subject to authentication and other possible objections, and then, if admitted, weighed along with other evidence by the finder of fact.[2] If F&G wished to rely on that evidence, it should have submitted the evidence as part of the record in the district court. It is too late to submit the evidence on appeal and ask this court to weigh the evidence and make factual findings based on it that would displace the findings made by the district court.

Because the district court correctly held, based on the evidence before it, that it lacked personal jurisdiction over Paten, it properly dismissed the complaint.

---

[2]    Even if the website material were considered, it is by no means clear that it would be sufficient to establish personal jurisdiction over Paten. The website material indicates that the products manufactured by Paten for several of the U.S. customers bore model numbers that accorded with the model numbers used by those customers in their general U.S. sales. Yet even that evidence falls short of establishing that the particular products sold in Florida were made by Paten, as there is no evidence that Paten was the exclusive supplier of products with those model numbers.