**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY BROWN, JR.,

      Petitioner–Appellant,

v.

JAMES RUDEK, Warden,

      Respondent–Appellee.

No. 13-5023
(D.C. No. 4:09-CV-00686-CVE-PJC)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Anthony Brown, Jr., a state prisoner appearing through counsel, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2254 habeas petition.  We deny a COA and dismiss the appeal.

**I**

On January 19, 2007, Brown was driving Kimberly Sanders home when they were

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

stopped for a traffic violation. During the stop, an officer detected the odor of marijuana and conducted a search, uncovering a gun under the driver's seat, marijuana in the ashtray, and marijuana and cocaine on Sanders' person. Brown informed the officer that the drugs found on Sanders belonged to him.

Brown was charged with three counts: (1) Trafficking in Illegal Drugs after Former Conviction of Two or More Drug-Related Felonies; (2) Possession of a Firearm after Former Felony Conviction; and (3) Unlawful Possession of Marijuana, Second Offense. Sanders was charged with Trafficking in Illegal Drugs, which was later amended to Possession of a Controlled Drug, and Possession of Marijuana, a charge that was subsequently dismissed at the request of the state.

At an in camera hearing discussing Sanders' upcoming testimony as a witness for the state at Brown's trial, the prosecutor informed the court and defense counsel that "there ha[d] been no promises made" to Sanders in return for her testimony; however, there was a "very good possibility" that she would receive a lesser charge. The prosecutor elaborated: "I don't think that the State could sit here and tell you that she's going to-- if-- that she's not going to receive some benefit."

At trial, Sanders testified that Brown had slipped her the drugs as they were being pulled over by the police, and that the drugs belonged to Brown. On direct as well as cross-examination, Sanders testified that the prosecution had not made her any promises or inducements in return for her testimony.

On May 25, 2007, a jury acquitted Brown of Counts Two and Three. On Count

One, Trafficking in Illegal Drugs, the jury found Brown guilty of the lesser offense of Unlawful Possession of a Controlled Dangerous Substance. Brown was sentenced to life imprisonment.

On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Brown asserted seven claims of error, including the state's alleged failure to disclose that Sanders' testimony had been exchanged for favorable treatment by the state, in violation of Brown's due process rights. The OCCA rejected this argument, and Brown petitioned for habeas relief in federal district court. The district court denied the petition and a COA. Brown now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Brown must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). To prevail on the merits, Brown must demonstrate that the state court's adjudication of his claims either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

-3-

On appeal, Brown argues that his due process rights were violated because the government failed to correct Sanders' allegedly materially false and misleading statements at his trial that the prosecution had not made her any promises or inducements to secure her testimony. Brown contends that under Giglio v. United States, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959), the government had a responsibility to correct Sanders' testimony.

In Giglio, the Court held that when the credibility of a witness may be determinative of guilt, the failure of the prosecution to disclose material evidence regarding that witness' credibility violates due process and requires a new trial if there is a reasonable likelihood that the absence of such evidence affected the jury's determination. 405 U.S. at 153-54 (citing Brady v. Maryland, 373 U.S. 83 (1963); Napue, 36 U.S. 264). In DeMarco v. United States, 415 U.S. 449 (1974) (per curiam), the Court held that an undisclosed promise made to a government witness prior to trial would require reversal. Id. at 450. Nevertheless, we have held that plea agreements entered into after trial are not evidence that such agreements were secretly reached before trial in violation of Giglio and Brady. See United States v. Molina, 75 F.3d 600, 602 (10th Cir. 1996) (noting that "[r]equiring the government to disclose potential plea agreements and offers of plea agreements would place an unreasonable burden on the government, and such offers are too speculative and uncertain to be material").

The district court determined that the state did not withhold material information regarding Sanders' testimony because it disclosed to the defense in camera that Sanders

could expect favorable treatment but that no deal had been reached. In addition, there was no evidence that a deal or promise was made before her testimony. We agree with this reasoning. The mere fact that Sanders was subsequently able to plead favorably is not evidence that a secret plea agreement was reached before trial, and the record does not support the contention that such an agreement was withheld. Moreover, Brown appears only to argue that the government should have disclosed that Sanders would likely receive favorable treatment in exchange for her testimony, and we have held that future plea offers are too speculative for a Giglio or Brady violation. Molina, 75 F.3d at 602.

Brown points to Tassin v. Cain, 517 F.3d 770, 778 (5th Cir. 2008), in which the Fifth Circuit relied on United States v. Bagley, 473 U.S. 667 (1985), for the proposition that due process rights may be violated even if the prosecution has not made the witness a firm promise, but has failed to disclose that the "possibility of a reward had been held out to [the witness]," thus "misleading[] . . . defense counsel" to believe that the witness could not be impeached. Bagley, 473 U.S. at 683. Yet the transcript of the in camera hearing establishes that the prosecution disclosed to defense counsel that Sanders would likely receive favorable treatment in exchange for her testimony.

## III

We **DENY** Brown's request for a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge