**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1128**

_____

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

Plaintiff – Appellee,

v.

JENNY WOOTEN, in her official capacity as Interim Executive Director of the
South Carolina Election Commission,

Defendant – Appellant,

------------------------------

CENTER FOR ELECTION CONFIDENCE, INC.; REPUBLICAN NATIONAL
COMMITTEE

Amici Supporting Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at
Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:24-cv-01276-JFA)

_____

Argued:  October 23, 2025                                Decided:  January 16, 2026

_____

Before DIAZ, Chief Judge, and WYNN and BERNER, Circuit Judges.

_____

Remanded by published opinion. Judge Berner wrote the opinion, in which Chief Judge
Diaz and Judge Wynn joined.

_____

**ARGUED:** Tracey Colton Green, BURR & FORMAN LLP, Columbia, South Carolina, for Appellant. Carolyn Carter Valdes, PUBLIC INTEREST LEGAL FOUNDATION, Alexandria, Virginia, for Appellee. **ON BRIEF:** Mary Elizabeth Crum, Michael R. Burchstead, BURR & FORMAN LLP, Columbia, South Carolina; Thomas W. Nicholson, STATE ELECTION COMMISSION, Columbia, South Carolina, for Appellant. J. Christian Adams, Noel H. Johnson, PUBLIC INTEREST LEGAL FOUNDATION, INC., Alexandria, Virginia, for Appellee. Christopher Mills, SPERO LAW LLC, Charleston, South Carolina, for Amicus Center for Election Confidence, Inc. Lee E. Goodman, Michael A. Columbo, Josiah Contarino, DHILLON LAW GROUP INC., Alexandria, Virginia, for Amicus Republican National Committee.

---

BERNER, Circuit Judge:

Congress enacted the National Voter Registration Act of 1993 (NVRA) with the dual goals of increasing voter registration and removing ineligible individuals from state voter registration rolls. In furtherance of these goals, the NVRA requires states to disclose records concerning the implementation of programs and activities conducted to ensure that their lists of eligible voters are accurate and current. The Public Interest Legal Foundation (PILF) invoked this provision of the NVRA to request a copy of South Carolina's voter registration list. The South Carolina Election Commission denied the request, claiming that South Carolina law precludes disclosure of its voter list to anyone who is not registered to vote in the State.

PILF filed suit in federal court to compel disclosure and moved for summary judgment. The district court granted PILF's motion and ordered the Election Commission to disclose the list. On appeal, the Election Commission argues that PILF lacks Article III standing to sue for failure to disclose under the NVRA. Accordingly, the Election Commission urges us to vacate the opinion of the district court and dismiss the case for want of jurisdiction.

Standing is a threshold issue without which federal courts lack jurisdiction. Because standing was raised for the first time on appeal, there are no findings of fact or conclusions of law that bear on this issue before us to review. We therefore remand for the district court to address in the first instance whether PILF has standing to sue under the NVRA.

3

I.      Background

The Public Interest Legal Foundation is a Virginia-based nonprofit organization that advocates for election integrity throughout the United States. One way PILF does this is by examining state voter list maintenance procedures. In furtherance of these activities, PILF asked the Executive Director of the South Carolina Election Commission[1] to provide a copy of South Carolina's statewide voter registration list or, alternatively, to allow PILF to inspect the list. PILF contends that Section 8(i)(1) of the National Voter Registration Act, 52 U.S.C. § 20507(i), requires the Election Commission to disclose the list upon request. Section 8(i)(1) provides, in relevant part, that:

> Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters . . . .

52 U.S.C. § 20507(i)(1). The purpose of this provision is to help identify errors and fraud in the preparation and maintenance of voter rolls. *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012).

The Election Commission denied PILF's request, claiming that South Carolina Code Section 7-3-20(D)(13) permits disclosure of the State's voter list only to individuals who are registered to vote in the State. In response, PILF put the Election Commission on notice of its position that the Election Commission's failure to disclose the list was in

---

[1] On appeal, Interim Executive Director of the South Carolina Election Commission Jenny Wooten has been substituted for her predecessor, Howard M. Knapp. *See* Fed. R. App. P. 43(c)(2).

4

violation of the NVRA. *See* 52 U.S.C. § 20510(b) (requiring aggrieved party to provide notice to the state's chief election official before filing suit). The Election Commission replied by reiterating its view that South Carolina law prevents disclosure to PILF because it is not a registered South Carolina voter. PILF then filed suit against the Executive Director of the South Carolina Election Commission in his official capacity, asking the court to order the Election Commission to disclose the list.

PILF and the Election Commission filed cross-motions for summary judgment. The district court granted PILF's motion for summary judgment and denied the Election Commission's motion. The district court agreed with PILF that the NVRA compels disclosure of the list upon request. It further ruled that the NVRA preempts the South Carolina law to the extent that it could be construed to restrict disclosure of the list. The Election Commission then moved for reconsideration under Federal Rule of Civil Procedure 59(e), which the district court denied. The Election Commission timely appealed both the grant of summary judgment and the denial of reconsideration.

## II.     Analysis

The Election Commission argues, for the first time on appeal, that PILF lacks standing to bring suit in federal court under Article III of the Constitution. It contends that PILF's claims must be dismissed because PILF failed to demonstrate the requisite injury-in-fact resulting from the Election Commission's refusal to turn over the voter list. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Two of our sister circuits recently dismissed nearly identical lawsuits brought by PILF on this basis. *See Pub. Int. Legal*

5

*Found. v. Sec'y Commonwealth of Pa.*, 136 F.4th 456, 469 (3d Cir. 2025), *petition for cert. filed*, No. 25-379 (U.S. Sept. 26, 2025) (dismissing for lack of standing PILF's challenge to the Commonwealth of Pennsylvania's failure to disclose information requested under Section 8 of the NVRA); *Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 632 (6th Cir. 2025), *petition for cert. filed*, No. 25-437 (U.S. Oct. 7, 2025) (dismissing for lack of standing PILF's challenge to the State of Michigan's failure to disclose information requested under Section 8 of the NVRA). In both of these cases, the issue of PILF's standing to sue was raised before and adjudicated by the district court.

Standing is a threshold requirement for jurisdiction that may be raised at any time. *See Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). Where standing is in question, the federal court must decide the issue before reaching the merits of any claim presented. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). This is because, if a plaintiff lacks Article III standing, the federal court does not have jurisdiction and the case must be dismissed. *See id*. The standing inquiry ensures that a suit presents a "case or controversy appropriate for the exercise of the courts' judicial powers." *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001) (citing *Steel Co.*, 523 U.S. at 102).

An organizational plaintiff, like an individual plaintiff, may sue for injuries sustained by the organization itself. *Republican Nat'l Comm. v. N. Carolina State Bd. of Elections*, 120 F.4th 390, 395 (4th Cir. 2024) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.19 (1982)). The "organization must make the necessary showing to demonstrate . . . an injury-in-fact, caused by the defendant, that can be redressed by a

6

favorable decision from the court." *Id.* (citing *Food & Drug Admin v. All. for Hippocratic Med.*, 602 U.S. 367, 393–94 (2024)).

PILF asserts that it suffered an "informational injury"—sufficient to satisfy the injury-in-fact requirement—resulting from the Election Commission's failure to disclose the voter list in violation of PILF's statutory right to disclosure under the NVRA. To establish standing on the basis of an informational injury, PILF must demonstrate that it suffered "'a real harm with an adverse effect' resulting from the failure to receive" the voter list. *Maryland v. U.S. Dep't of Agric.*, 151 F.4th 197, 208 (4th Cir. 2025) (quoting *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345 (4th Cir. 2017)); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (explaining that a concrete injury must be "'real,' and not 'abstract'"). PILF urges us to hold that it has standing based on the allegations in its complaint. At the summary judgment stage, however, mere allegations will not suffice. A plaintiff must put forward evidence of "specific facts" to support its theory of standing. *Lujan*, 504 U.S. at 561 (citing Fed. R. Civ. P. 56(e)).

Because standing was raised for the first time on appeal, the record before us is underdeveloped with respect to PILF's alleged informational injury. Were we to address the issue of standing at this juncture, we would be required to make factual findings, a responsibility reserved for the district court. *See DeMarco v. United States*, 415 U.S. 449, 450 & n.* (1974) (per curiam). We decline to do so. We are, after all, a "court of review, not of first view." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 252 (4th Cir. 2025) (citation and quotation marks omitted). Accordingly, we remand to the district court to allow PILF to put forward evidence and arguments in support of its claim that it suffered

7

an informational injury and for the district court to determine whether PILF has satisfied the requirements of standing.

## III.    Conclusion

For the reasons set forth above, we remand to the district court to address the issue of PILF's standing. Because we remand for consideration of this jurisdictional issue, we do not address the merits of the claims presented on appeal. Our decision does not impact the ability of the Election Commission to raise those claims in a later appeal should the district court conclude that PILF has standing.

*REMANDED*