**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11059

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DESEAN WILLIAMS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cr-00058-TPB-PRL-1

_____

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal concerns a claim whose factual predicate is no-where in the record. Desean Williams, for the first time, argues that

he and his trial counsel had a clear conflict of interest, so his conviction must be automatically reversed. Because accepting his argument would require us to take on the impermissible role of factfinder, we affirm his conviction.

## I.

Williams was indicted on one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He originally pleaded not guilty but then later pleaded guilty pursuant to a plea agreement. As part of the agreement, he waived his right to appeal his sentence on any ground except for three enumerated grounds: (1) the sentence exceeded his applicable guidelines range as determined by the Court; (2) the sentence exceeds the statutory maximum penalty; and (3) the sentence violates the Eighth Amendment. The agreement also stated that Williams would be released from his appeal waiver if the Government appealed the sentence imposed.

At his change of plea hearing, Williams made no mention of a conflict of interest with his trial counsel and confirmed that he understood the appellate waiver of his agreement, as well as the other consequences of pleading guilty. The Magistrate Judge issued a report and recommendation (R&R) to the District Judge to accept Williams's guilty plea and adjudicate him guilty. Williams did not object to the R&R, and the District Court accepted it. The District Court accepted Williams's guilty plea and adjudicated Williams

guilty. The Court later sentenced Williams to 168 months' imprisonment, followed by 5 years' supervised release.[1] Williams timely appeals.

## II.

Williams argues for the first time on direct appeal that the appellate waiver in his plea agreement created an obvious conflict of interest between him and his counsel because it included a waiver of the right to appeal his sentence on ineffective assistance of counsel grounds. He maintains that this triggered the Court's duty to inquire into the conflict, so, because the Court did not inquire, the conviction must be automatically reversed.

The Government responds that there was no conflict of interest, and, regardless, Williams's argument is barred by our precedent. The Eleventh Circuit does not automatically reverse a conviction on conflict of interest grounds unless defense counsel represented codefendants and objected to the joint representation, and the trial court failed to inquire into the conflict. *Dallas v. Warden*, 964 F.3d 1285, 1303 (11th Cir. 2020). For any other failure by the District Court to investigate a conflict it knew or reasonably should have known about, reversal is not automatic. *Id.* It is only warranted if the petitioner shows that "an actual conflict of interest ad-

---

[1] Williams's total offense level was 33, his criminal history category was III, and his Guidelines' imprisonment range was 168 to 210 months' imprisonment.

versely affected defense counsel's performance." *Id.* Because Williams made no showing of an adverse effect, the Government maintains that his conviction should be affirmed.

While we agree that our precedent requires a showing of adverse effect, *id.*, and that Williams does not argue that he was adversely affected, the problem with his appeal is even more basic than that: Williams's argument depends entirely on facts that were not argued to or decided by the District Court. Indeed, Williams is asking us to find that he and his counsel had a conflict of interest despite not giving the District Court the opportunity to consider it.[2]

"This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). The reason for this is obvious:

> [A]s a court of appeals, we review claims of judicial error in the trial courts. If we were to regularly address questions—particularly fact-bound issues—that district[] court[s] never had a chance to examine, we would not only waste our resources, but also deviate

---

[2] The District Court did hold a hearing at the Government's request to determine if Williams and his counsel had a conflict of interest related to his counsel's communication with a witness. The Court determined that there was no conflict and, even if there was, Williams waived any issue with it. This is unrelated to Williams's present argument that there was a conflict of interest as a result of the appellate waiver.

> from the essential nature, purpose, and competence
> of an appellate court.
>
> *Id.*

"[F]actfinding is the basic responsibility of district courts, rather than appellate courts, and . . . the Court of Appeals should not . . . resolve[] in the first instance [a] factual dispute which had not been considered by the District Court." *DeMarco v. United States*, 415 U.S. 449, 450 n., 94 S. Ct. 1185, 1186 n. (1964).

Williams argues, for the first time on direct appeal, that he and his trial counsel had a conflict of interest because of the appellate waiver. To entertain his argument, we would have to find facts not in the record. We cannot do that.

We pause to note that Williams can still file a petition for habeas corpus pursuant to 28 U.S.C. § 2255.[3] A conflict of interest argument is akin to an ineffective assistance of counsel one, so it is appropriate for a § 2255 collateral attack. *See* U.S. Const. amend. VI (providing every criminal defendant the right to effective assistance of counsel); *see also United States v. Jones*, 52 F.3d 924, 925 (11th Cir. 1995) (providing that an attorney's conflict of interest may deprive

---

[3] Under § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" or seek relief from his conviction. 28 U.S.C. § 2255(a); *Fernandez v. United States*, 114 F.4th 1170, 1173–74 (11th Cir. 2024) (explaining that a defendant moved for relief from his conviction under 28 U.S.C. § 2255).

a criminal defendant of his constitutional right to the effective assistance of counsel). The District Court will then hear his argument, and, should he appeal its decision to us, we will have a proper record on which to base our review.[4]

### III.

With no record to examine for the issue now, we reject Williams's conflict of interest argument on direct appeal. Seeing no other argument for why his conviction should be reversed, we affirm.

**AFFIRMED.**

---

[4] The parties maintain that Williams cannot attack his sentence via § 2255. They cite *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) in support. We disagree that *Williams* stands for that conclusion. Indeed, that case concerned a sentence appeal waiver that specifically stated that the defendant could not appeal his sentence *"directly or collaterally." Id.* at 1341. The waiver here does not include that language. Regardless, Williams is seeking reversal of his conviction, not his sentence.