UNITED STATES of America,
Plaintiff–Appellee,

v.

Ramon Medina MOLINA, also known as Ray Molina, Defendant–Appellant.

No. 93–7040.

United States Court of Appeals,
Tenth Circuit.

Feb. 5, 1996.

Gene V. Primomo of Wilcoxen, Wilcoxen & Primomo, Muskogee, Oklahoma, for Defendant–Appellant.

Robert J. Erickson, Attorney, Department of Justice, Washington, D.C. (John Raley, United States Attorney, Sheldon J. Sperling and Paul G. Hess, Assistant United States Attorneys, Muskogee, Oklahoma, with him on the brief), for Plaintiff–Appellee.

Before SEYMOUR, Chief Judge, ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Ramon Medina Molina challenges his convictions for drug conspiracy, 21 U.S.C. § 846; interstate travel to promote racketeering, 18 U.S.C. §§ 1952, 2; conspiracy, 18 U.S.C. § 371; interstate travel with intent to commit murder, 18 U.S.C. §§ 1958, 2; and killing an individual in furtherance of a continuing criminal enterprise, 21 U.S.C. §§ 848(a), (e)(1)(A), 18 U.S.C. § 2. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

### Background

The basic facts of this case are set out in *United States v. McCullah,* 76 F.3d 1087

(10th Cir.1996), and need not be restated here.

## Discussion

### I. *Brady* Violation

■ Mr. Molina claims that the government failed to disclose evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). We review a claim that the government failed to disclose exculpatory evidence *de novo. United States v. DeLuna,* 10 F.3d 1529, 1534 (10th Cir.1993). "[T]he materiality of withheld evidence under *Brady* and its possible effect on the verdict are mixed questions of fact and law reviewed *de novo." United States v. Buchanan,* 891 F.2d 1436, 1440 (10th Cir.1989), *cert. denied,* 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990).

■ Under *Brady* and *Giglio,* the government must furnish to the defense evidence regarding the credibility of government witnesses. *Giglio,* 405 U.S. at 154, 92 S.Ct. at 766. Mr. Molina contends that the government suppressed evidence of plea agreements, or its intention to offer such agreements, to two key prosecution witnesses, Mr. Wiscowiche and Mr. Shiew. It is undisputed that no agreements were in place at the time of trial, but Mr. Molina claims that the government avoided its disclosure obligation by waiting until after trial to enter into the plea agreements. Although no evidence of this claim was adduced, Mr. Molina urges us to extend *Giglio* and require the government to advise the defense in advance of trial if it intends to offer plea agreements, even if no such agreement is in place at trial. We decline to do so.

■ In *DeMarco v. United States,* 415 U.S. 449, 450, 94 S.Ct. 1185, 1185–86, 39 L.Ed.2d 501 (1974), the Supreme Court held that whether a plea or cooperation agreement was "made after or before [a defendant's] trial" was "dispositive" in determining whether there was a *Giglio* violation. Requiring the government to disclose potential plea agreements and offers of plea agreements would place an unreasonable burden on the government, and such offers are too speculative and uncertain to be material. The mere fact that the witnesses were subsequently allowed to plead on favorable terms is not evidence that the plea agreements were secretly reached prior to the witnesses' testimony and improperly withheld from the defense. *See United States v. Ramirez,* 608 F.2d 1261, 1267 (9th Cir.1979).

### II. Evidence of Other Crimes

■ Mr. Molina contends the trial court erred in allowing the government to present evidence of other crimes in violation of Federal Rule of Evidence 404. We generally review a trial court's evidentiary rulings for abuse of discretion, *United States v. Scott,* 37 F.3d 1564, 1581 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 773, 130 L.Ed.2d 669 (1995), but because Mr. Molina failed to timely object to the evidence, the instant claim is reviewable only for plain error, *United States v. Olano,* 507 U.S. 725, 730–32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

■ The government presented evidence from Rene Villa, Mr. Molina's son-in-law, that Mr. Molina regained possession of an automobile from Mr. Villa at gunpoint. Mr. Villa worked in the Arvizu drug trafficking organization with Mr. Molina, and Mr. Molina's actions in repossessing the car at gunpoint were related to the drug conspiracy. Contrary to Mr. Molina's assertion, Mr. Villa's testimony about the repossession at gunpoint is not subject to Rule 404(b). "An act ... done in furtherance of the alleged conspiracy ... is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." *United States v. Concepcion,* 983 F.2d 369, 392 (2d Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993). *See also United States v. Oles,* 994 F.2d 1519, 1522 (10th Cir.1993). Further, Mr. Villa's testimony did not constitute improper character evidence under Rule 404(b). Rather, the evidence was properly admitted as it demonstrated Mr. Molina's organizational role and his use of violence as a tool against underlings and others.

### III. Statements of Coconspirators

Mr. Molina contends that statements made by his codefendants, Mr. McCullah and Mr. Sanchez, to Mr. Lozano were improperly ad-

mitted and violated the Confrontation Clause of the Sixth Amendment because they were not made in furtherance of the conspiracy. The Supreme Court has held that the requirements for admission of evidence under Federal Rule of Evidence 801(d)(2)(E) are identical to the requirements of the Confrontation Clause, so if the evidence meets the requirements of Rule 801(d)(2)(E), the evidence is constitutionally admissible. *Bourjaily v. United States,* 483 U.S. 171, 182, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987).

Mr. Molina contends that Mr. Lozano was not a member of the conspiracy, so his testimony regarding statements made by members of the conspiracy should be inadmissible. This contention is unavailing. There is no requirement that a witness be a member of the conspiracy before he can testify about statements made by participants in the conspiracy. *United States v. Williamson,* 53 F.3d 1500, 1519 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 218, 133 L.Ed.2d 149 (1995). All that must be shown is that a conspiracy existed, that the declarant and the defendant were members of the conspiracy, and that the declaration was made during and in furtherance of the conspiracy. *Id.* at 1517–18; Fed.R.Evid. 801(d)(2)(E). The trial court properly found that all of these elements were met in this case; the statements were made by Mr. McCullah and Mr. Sanchez in furtherance of a conspiratorial purpose, namely to discover what went wrong with the ambush in Oklahoma.

IV. Issues Raised by Codefendants

Mr. Molina adopts all arguments advanced by his codefendants applicable to him. We have carefully considered these arguments and find them without merit. *See United States v. McCullah,* 76 F.3d 1087 (10th Cir. 1996).

AFFIRMED.