**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PEDRO CASANOVA-GOMEZ, also
known as Pedro Casanova,

      Defendant - Appellant.

No. 98-2140
(D.C. No. CR-97-181-JC)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Appellant Pedro Casanova-Gomez appeals his conviction for distributing less than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), on the ground that the district court violated both Fed. R. Evid. 801(d)(2)(E) and his constitutional rights under the Confrontation Clause when the court admitted hearsay testimony at trial. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

On March 19, 1997, appellant and eleven other defendants were charged in a seven-count indictment in the United States District Court for the District of New Mexico. The indictment specifically named appellant in two counts: conspiracy to distribute crack cocaine (Count I) and distribution of crack cocaine (Count VI). The district court held two pre-trial hearings to consider the admissibility of co-conspirators' hearsay statements under Fed. R. Evid. 801(d)(2)(E). See United States v. Williamson, 53 F.3d 1500, 1517-18 (10th Cir. 1995) (citing United States v. James, 590 F.2d 575, 579-80 (5th Cir. 1979) (en banc)) (establishing three-factor test court must apply for co-conspirators' hearsay to be admissible).

Following the hearings, the court found that the government had presented insufficient evidence to prove the existence of the conspiracy alleged in Count I, and ruled that any hearsay statements by co-conspirators would be inadmissible. The government did not pursue the conspiracy count against appellant. Appellant was tried and found guilty in February 1998 of the remaining distribution count (Count VI), and was sentenced to 57 months in prison and three years of supervised release.

Appellant's arrest and conviction were the result of an extensive Drug Enforcement Agency investigation of drug dealing at a motel in Albuquerque,

New Mexico. In the undercover sale that appellant was alleged to have made, local law enforcement officer Frank Chavez purchased $200 worth of crack cocaine from appellant, who obtained the drugs from a hiding place in the bathroom. Chavez had been invited into the motel room by a man named "Leo" (subsequently identified as Cristino Milanes-Gonzalez) who asked Chavez whether he was a police officer. Chavez denied this, and said he did not wish to smoke the crack but only wanted to resell it. In the motel room, Chavez gave appellant $200 in exchange for the drugs. As he was leaving the room, Chavez told appellant, who had identified himself only as "Joaquin," to give Milanes-Gonzalez a piece of crack cocaine in exchange for having arranged the transaction.

The purchase was recorded by a hidden microphone placed on Chavez. Within twenty-four hours of the transaction, Chavez reviewed photographs in the local police department files and identified appellant as "Joaquin." The police photograph he used to identify appellant had been taken in front of the same motel room in which the purchase had taken place.

The government presented Officer Chavez as its first witness at trial. Chavez testified concerning his conversations with Milanes-Gonzalez before entering the motel room and while appellant was retrieving the crack cocaine from the bathroom. The government also played the tape recording of the

transaction. Milanes-Gonzalez himself did not testify. Appellant objected to the admission of Milanes-Gonzalez's statements through Chavez's testimony and the tape recording as violating both the prohibition against the admission of hearsay evidence and his right to confront his accusers.

At the close of trial, the district court ruled that the testimony and tape recording were admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements of a co-conspirator in furtherance of a conspiracy because the government had shown sufficient facts at trial to prove by a preponderance of the evidence that Milanes-Gonzalez and appellant were engaging in a conspiracy to sell drugs and that all of Milanes-Gonzalez's statements were made in furtherance of the conspiracy. This ruling is the focus of the appeal before us.

## II

We review the admission of evidence at trial for abuse of discretion and preliminary factual findings by the trial court relating to the admission of evidence for clear error. See Williamson, 53 F.3d at 1517. Although this court has expressed its preference for district courts to hold a "James hearing" to determine the admissibility of co-conspirator hearsay evidence, we have declined to hold such a hearing mandatory. See United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998). If it fails to hold a James hearing, the district court must at least make preliminary factual findings on the record regarding the

admissibility of the statements.  See United States v. Perez, 989 F.2d 1574, 1580 (10th Cir. 1993) (en banc).

As noted above, the trial court in this case had originally held two pre-trial James hearings regarding the admissibility of co-conspirator statements to prove the twelve-person conspiracy alleged in the original indictment.  Appellant argues that the court's ruling following the James hearings—barring hearsay testimony made by alleged co-conspirators—precludes the court's finding during his trial that a short-term, two-person conspiracy existed such that the statements of appellant's co-conspirator could be admitted at trial as non-hearsay.  Appellant's argument is meritless.  The trial court's James hearings specifically considered the government's allegations of the existence of a large, two-month conspiracy to deal drugs.  The trial judge concluded that he "cannot find at this time . . . that a conspiracy existed.  I can find that there were numerous drug deals and that those defendants may have assisted each other, but this does not establish a conspiracy."  I R., Doc. 204.   The court's order in no way precludes its later finding at the close of trial that "there [were] two individuals [who] had a conspiracy.  All statements were made in furtherance of that conspiracy and, therefore, are not hearsay and [are] admissible under the rules."  V R. at 90.

There is sufficient independent evidence from Officer Chavez's own testimony to link appellant to Milanes-Gonzalez and the sale of crack cocaine.

Chavez testified that he saw Milanes-Gonzalez inform appellant of Chavez's interest in purchasing drugs, and that both Milanes-Gonzalez and appellant motioned Chavez into the motel room, where Chavez purchased the crack with Milanes-Gonzalez present. Such independent linking evidence, even if relatively insubstantial, is sufficient to find the existence of a conspiracy for hearsay purposes. See United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996). Although the trial court failed to make specific findings concerning Milanes-Gonzalez's statements, our review of the record persuades us that the evidence supporting admissibility of the statements is sufficiently strong that a remand to the district court for further findings is unnecessary. See Perez, 989 F.2d at 1582 n.3. Therefore, the district court's admission of Milanes-Gonzalez's statements did not violate the hearsay rule. In addition, because the requirements for admission of evidence under Fed. R. Evid. 801(d)(2)(E) are identical to the constitutional requirements of the Confrontation Clause, the evidence is constitutionally admissible. See Bourjaily v. United States, 483 U.S. 171, 182 (1987); United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996).

Finally, we note that even if Milanes-Gonzalez's statements—which concerned the initial solicitation made to Chavez and did no more than prove a conspiracy between Milanes-Gonzalez and appellant—were inadmissible, the district court's error would be harmless. Appellant was charged and convicted

solely of distributing crack cocaine.  Officer Chavez's testimony is sufficient evidence of the controlled purchase of drugs from appellant to render harmless even a violation of appellant's constitutional rights under the Confrontation Clause.  See United States v. Perdue, 8 F.3d 1455, 1469 (10th Cir. 1993) (defining harmless error test for constitutional violation as whether the reviewing court is able to determine beyond a reasonable doubt that the violation did not contribute to his conviction).

**AFFIRMED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge