**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENEH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STEVEN LYNN MANN,

    Defendant-Appellant.

No. 02-5018

(D.C. No. 01-CR-18-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

Defendant Steven Lynn Mann appeals his conviction and life sentence, arguing the district court erred by (1) not suppressing evidence arising out of three searches; (2) admitting into evidence a videotape showing him manufacturing methamphetamine and exchanging methamphetamine for sex; (3) permitting a Drug Enforcement Agency agent to extrapolate the total amount of methamphetamine Mann could have manufactured based solely on witnesses' testimony about pseudoephedrine sold to Mann; (4) failing to remedy the Government's pretrial misrepresentation that it had offered no promises or

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

inducements to Government witnesses; and (5) sentencing Mann to a disproportionate sentence as compared to his co-conspirators. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The parties to this case are familiar with its facts and procedural history, and we will not repeat them here. When reviewing a district court's denial of a motion to suppress, we accept the district court's factual findings unless clearly erroneous. United States v. Price, 265 F.3d 1097, 1104 (10th Cir. 2001). We review de novo the legal question of whether the officers conducting the searches complied with the Fourth Amendment. Id. We review the trial court's rulings on the admission of evidence, including expert testimony, for an abuse of discretion. See United States v. Velarde, 214 F.3d 1204, 1208 (10th Cir. 2000) (expert testimony); United States v. Simpson, 152 F.3d 1241, 1248 (10th Cir. 1998) (evidence generally). We review de novo a claim that the Government failed to disclose exculpatory evidence. United States v. Molina, 75 F.3d 600, 602 (10th Cir. 1996). We review for an abuse of discretion Mann's claim the district court sentenced him to a disparately harsh sentence. United States v. Allen, 24 F.3d 1180, 1188 (10th Cir. 1994). After reviewing the record and the briefs, and hearing oral

argument, we find no reversible error.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge