**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STEVEN LYNN MANN,

    Defendant-Appellant.

No. 05-5069

(N.D. Oklahoma)

(D.C. Nos. 04-CV-426-C and
01-CR-18-C)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

Steven Lynn Mann, a federal prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal from the district court's order denying relief in his motion filed under 28 U.S.C. § 2255. Mr. Mann also seeks to proceed *in forma pauperis*. We deny his request for a COA, grant his request to proceed *in forma pauperis*, and dismiss his appeal.

## I.   BACKGROUND

In 2001, a jury found Mr. Mann guilty of four counts of an eight-count indictment: Count I: conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846; Count IV: maintaining a place to manufacture, distribute, and

use methamphetamine in violation of § 856; Count V: possession of equipment, chemicals and material to manufacture methamphetamine in violation of § 843(a)(6); and Count VII: manufacture of methamphetamine in violation of § 841(a)(1).

The district court sentenced Mr. Mann to life imprisonment as to Counts I and VII, 240 months as to Count IV, and 48 months as to Count V, concurrently. The district court also imposed a $20,000 fine, and recommended that Mr. Mann be placed in 500 hours of a drug treatment program. We affirmed his sentence on direct appeal. *See United States v. Mann*, 53 F. App'x. 528 (10th Cir. 2002) (unpublished), and the United States Supreme Court denied his application for a writ of certiorari. Mr. Mann timely filed his § 2255 motion in the district court.

## II. DISCUSSION

To be entitled to a COA, Mr. Mann must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000) (quotation omitted). While Mr. Mann is not required to prove the merits of his case in applying for a COA, he must nevertheless demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El,* 537 U.S. at 338 (internal quotation marks omitted). We will grant relief if we determine that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

To establish a claim for ineffective assistance, Mr. Mann must show both that 1) counsel's performance was deficient and 2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance will be deficient if it is objectively unreasonable. *See id.* at 687-88. Counsel's deficient performance will be prejudicial if "there is a reasonable likelihood that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his § 2255 motion, Mr. Mann raises 17 claims of ineffective assistance

3

of counsel. Mr. Mann also filed a 69-page memorandum encapsulating a quick list of 56 claims of ineffective assistance of counsel. Of the 17 claims of ineffective assistance of counsel, claims 1 through 11, and 14, primarily relate to his attorney's handling of a suppression hearing before the district court. The remaining claims allege counsel was ineffective for failing to raise (1) a challenge to the legality of § 811 as a violation of the nondelegation doctrine, (2) the precedential value of *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 2002) (en banc), (3) a commerce clause challenge regarding the criminalizing of various drug offenses, (4) a *Blakely* claim; and (5) an objection to the jury instructions regarding the elements of the underlying crime. Mann raises the same challenges before us.

The district court carefully summarized each of Mr. Mann's allegations, and, after considering them individually and in the aggregate, concluded Mr. Mann was not entitled to relief. We have reviewed the district court's order, the brief, and the entire record on appeal, and we agree with the district court's conclusions.

### III. CONCLUSION

According, for substantially the same reasons set forth in the district court's order, we **DENY** a COA, **GRANT** Mr. Mann's motion to proceed *in forma pauperis,* and **DISMISS** his appeal.

4

Entered for the Court,


Robert H. Henry
Circuit Judge