[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11598
Non-Argument Calendar
_____

D.C. Docket Nos. 8:18-cv-02668-EAK-JSS,
8:17-cr-00176-EAK-JSS-2

EULOGIO GARCES HURTADO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Eulogio Garces Hurtado ("Hurtado"), a federal prisoner proceeding *pro se*,

appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his

sentence.  He argues that the district court should not have denied his motion without first conducting an evidentiary hearing because he alleged facts that, if true, would entitle him to relief.  In light of the certificate of appealability issued by this court, we hold that the district court erred in ruling on the motion without an evidentiary hearing.  Accordingly, we vacate the district court's order and remand for further proceedings.

## I. Background

In 2017, Hurtado pleaded guilty to conspiracy to distribute over five kilograms of cocaine and possession with intent to distribute over five kilograms of cocaine.  The district court sentenced Hurtado to 20 years imprisonment followed by 10 years of supervised release.  No notice of appeal was filed.

In 2018, Hurtado filed a *pro se* § 2255 motion to vacate his sentence.  He alleged ineffective assistance of counsel because his attorney provided "inadequate advice concerning the benefits and detriments of filing a direct appeal."[1]  He also stated that he "voiced disagreement with his sentence" to his counsel and argued that his "explicit request to do something about [his sentence] [was] sufficient to instruct defense counsel to file an appeal."  Hurtado alleged that because his

---

[1] Hurtado alleged three other grounds of ineffective assistance of counsel.  However, this court granted a certificate of appealability on the first ground only, so the others cannot be considered in this appeal.  *Rhode v. United States*, 583 F.3d 1289, 1290–91 (11th Cir. 2009) ("The scope of review is limited to the issues specified in the [certificate of appealability].").

2

counsel did not follow his instructions to file an appeal, it was *per se* ineffective assistance. But even if not, Hurtado claimed, his counsel was still ineffective for giving inadequate consultation on the matter. Hurtado went so far as to list three specific pieces of advice his counsel did not give which were relevant to his decision of whether to file an appeal. [2]

The government responded to Hurtado's motion, arguing that Hurtado was aware of his limited appeal rights due to the plea agreement, which contained an appeal waiver, and the plea colloquy with the magistrate judge. Further, the government argued that counsel was not ineffective as evidenced by counsel's supporting affidavit. [3]

In the supporting affidavit, Hurtado's counsel averred that he visited Hurtado in jail several times before the plea agreement and went over various rights, including Hurtado's right to appeal, extensively. Counsel also stated that he met with Hurtado after sentencing to explain Hurtado's right to appeal, and that Hurtado "was understandably not happy" with the sentence. Counsel advised Hurtado that he "felt it was unlikely [Hurtado] would be successful on appeal due

---

[2] Namely, (1) that the absence of a direct appeal meant that Hurtado would not have access to transcripts or other documents related to his case; (2) that he procedurally defaulted on certain claims for future § 2255 motions; (3) and that a failure to appeal may foreclose subsequent use of new constitutional rules.

[3] The government did not seek to enforce the appeal waiver in Hurtado's underlying plea agreement, and so we express no comment on whether the appeal waiver would otherwise bar the collateral relief Hurtado seeks.

to the limitations in the plea agreement . . . [but that counsel] would file a Notice of Appeal if [Hurtado] wished [counsel] to do so[.]"  Counsel further stated that he advised Hurtado that filing an appeal might hurt Hurtado's chances of getting the government to file a Rule 35(b) motion for a sentence reduction.[4]  Counsel attested that he asked Hurtado "several times" if he wanted to appeal and instructed Hurtado to let him know within 14 days of sentencing if that was the case, but that "[Hurtado] said he was hoping to get a Rule 35 adjustment and that he did not want to appeal."  Counsel stated that, after their meeting, he told Hurtado that "he could contact me if he wanted to appeal," but counsel "did not hear from [Hurtado] again."

Following the government's response and receiving no reply from Hurtado, the district court issued an order approximately a month later denying Hurtado's § 2255 motion on the merits.  In concluding that Hurtado failed to establish ineffective assistance, the district court noted that "Hurtado never state[d] he told counsel to file a notice of appeal," and relied solely on defense counsel's affidavit.  The district court denied Hurtado a certificate of appealability.

---

[4] Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(b)(1).

Hurtado then filed a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e), claiming that he had never received the government's response and thus had not known to respond until receiving the court's order. The court granted the motion for the limited purpose of allowing Hurtado to file a reply to the government's response. The court explained that it would "carefully consider the reply, and if the [c]ourt finds a legal and factual basis to reopen the case, the [c]ourt will do so." In his reply, Hurtado argued that his verified pleadings entitled him to an evidentiary hearing and that the court should not decide contested facts on the attorney's affidavit alone. Following receipt of his reply, the court denied Hurtado's Rule 59(e) motion,[5] finding that his arguments were not supported "by facts or law." The district court denied Hurtado a certificate of appealability on his Rule 59(e) motion.

Hurtado timely filed a notice of appeal. A judge of this court granted a certificate of appealability on the limited ground of whether the district court abused its discretion in denying Hurtado's claim that his counsel was ineffective for failing to file a notice of appeal without an evidentiary hearing.

## II. Standard of Review

---

[5] "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations, citation, and alterations omitted).

5

We evaluate this case in light of the limited certificate of appealability granted by this Court.  In a proceeding on a § 2255 motion, we review the district court's factual findings for clear error and the legal issues *de novo*.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  We review a district court's denial of an evidentiary hearing on a § 2255 motion for an abuse of discretion.  *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

## III. Discussion

Section § 2255 provides a specific process for a district court to follow when considering a motion to vacate sentence:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b) (emphasis added).  Notably,

> [a]s we have previously stated, if the petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Moreover, the court should construe a habeas petition filed by a pro se litigant more liberally than one filed by an attorney.

*Aron*, 291 F.3d at 714–15 (11th Cir. 2002) (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989)).  The movant "need only *allege*—not prove— reasonably specific, non-conclusory facts." *Id.* at 715 n.6 (emphasis in original). The district court may consider the entire record when determining whether to hold

6

an evidentiary hearing. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). Affidavits alone, however, cannot resolve contested fact issues in § 2255 cases. *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).

Here, the district court abused its discretion in resolving Hurtado's § 2255 motion without an evidentiary hearing because Hurtado pleaded facts which, if true, would warrant relief. To make a successful claim of ineffective assistance of counsel under the Sixth Amendment, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, an attorney acts in a professionally unreasonable manner when he fails to file an appeal on behalf of a client who specifically requests one. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, regardless of whether the appeal would have had merit. *Id.* at 483–86. In that scenario, prejudice is presumed because the movant is denied the opportunity for a proceeding at all. *Id.* at 483.

We reiterate that "a habeas petition filed by a pro se litigant" should be construed "more liberally than one filed by an attorney." *Aron*, 291 F.3d at 714–15. Here, Hurtado alleged that "[d]efense counsel had a duty to follow [Hurtado's] instructions at sentencing," that "[Hurtado] told his attorney that he did not like the 240 month sentence," and that "[Hurtado's] explicit request to do something about

7

[the sentence] [was] sufficient to instruct defense counsel to file an appeal. Counsel did not follow [Hurtado's] instructions." Liberally construed, these statements sufficiently alleged that Hurtado instructed his counsel to file an appeal and his counsel failed to follow those instructions, which, if true, is *per se* ineffective assistance of counsel. *Flores-Ortega*, 528 U.S. at 483–86. Accordingly, Hurtado was entitled to a hearing pursuant to 28 U.S.C. § 2255(b).

The district court held that Hurtado had not alleged his counsel failed to follow his instructions. We disagree, as outlined above. But even if Hurtado's allegations were not sufficient to find that Hurtado instructed his counsel to appeal such that a hearing was necessary, however, he also alleged that "[d]efense counsel's inadequate advice concerning the benefits and detriments of filing a direct appeal" was ineffective assistance. Inadequate advice regarding the right to appeal is a separate ground upon which a counsel can be found ineffective. *See id*. at 479–80. In support of this general allegation, Hurtado alleged the following specific facts: (1) Hurtado told counsel he was unhappy with the sentence, (2) Hurtado told counsel he was upset that his co-defendant received a much lighter sentence, (3) counsel told Hurtado that "there is nothing to appeal," (4) Hurtado did not hear from his counsel at any point after the sentencing hearing, (5) that no rational defendant would have knowingly foregone an appeal, given the circumstances, and (6) that counsel failed to advise Hurtado of three specific pieces

8

of advice that would have impacted his decision.  While it is true that counsel does not have a *per se* constitutional obligation to consult with his or her client about an appeal where the defendant did not specifically instruct counsel to file a direct appeal, *see id*. at 479, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.  Hurtado pleaded sufficient facts to show both that he wanted to appeal and that a rational defendant would want to appeal.  *See Thompson v. United States*, 504 F.3d 1203, 1208 (11th Cir. 2007) (finding an attorney had a duty to consult where: (1) the movant received a higher sentence than his codefendants; and (2) after sentencing, he expressed to his counsel that he was unhappy with his sentence and asked about the right to appeal).  These factual contentions also contradict the statements in the attorney's affidavit and require an evidentiary hearing to resolve them.

Thus, Hurtado's allegations in his § 2255 motion entitle him to an evidentiary hearing.  We are aware that Hurtado's allegations conflict with the statements contained in the lawyer's affidavit.  Because there are contradicting

versions of what happened, an evidentiary hearing is required to resolve the factual issues.[6] *See Friedman*, 588 F.2d at 1015.

**VACATED AND REMANDED.**

---

[6] We do not express an opinion on the merits of Hurtado's underlying claim. Factual contradictions are properly resolved by the district court at an evidentiary hearing. *See DeMarco v. United States*, 415 U.S. 449, 450, 94 S. Ct. 1185, 1186, 39 L. Ed. 2d 501 (1974) ("[F]actfinding is the basic responsibility of district courts, rather than appellate courts.").