Henry v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-three.

PRESENT:
>> EUNICE C. LEE,
>> MYRNA PÉREZ,
>> SARAH A. L. MERRIAM,
>> *Circuit Judges.*

_____

Levar T. Henry,

>> *Plaintiff-Appellant*,

>> v.                                                                22-95

The City of New York, Police Officer Gary Perez, Shield No. 27357, in his Individual Capacity, Police Officer Randy Figuereo, Shield No. 19407, in

his Individual Capacity, Police Officer Carlos Pimentel, Shield No. 07608, in his Individual Capacity, Police Officer Carlos Thomas, Shield No. 21295, in his Individual Capacity, Police Officer Juan Carrero, Shield No. 00160, in his Individual Capacity,

*Defendants-Appellees*,

Police Officer Willie Thompson, Shield No. 15823, in his Individual Capacity, Ravikala Puttamadu, MD, in his Individual Capacity, FDNY EMT John Doe, Lightskin, in his Individual Capacity, FDNY EMT John Doe, Darkskin, in his Individual Capacity, New York City Department of Corrections, (NYCD), Lieutenant Christian Hernandez, of Transit Bureau District 11, in his official and individual capacity,

*Defendants*.\*

_____

**FOR PLAINTIFF-APPELLANT:**     Levar T. Henry, *pro se*, Valhalla, NY.

**FOR DEFENDANTS-APPELLEES:**     Devin Slack, Benjamin H. Pollak, Assistant Corporation Counsel, *for*

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Levar Henry, proceeding *pro se*, sued the City of New York and numerous police officers and other City employees under 42 U.S.C. § 1983 and New York state law, alleging claims including false arrest, excessive force, assault, battery, and malicious prosecution. The district court granted summary judgment to the defendants on all claims other than the excessive force, assault, and battery claims. After a December 2021 jury trial, at which Henry was represented by counsel, the jury found in favor of the defendants. Henry appeals, again proceeding *pro se*.

On appeal, Henry argues, for the first time, that he was prejudiced during the trial by a search of his home that occurred approximately six months before

3

his trial began. Specifically, he criticizes a search conducted in June 2021 by parole officers and Mount Vernon, New York police officers which led to Henry's arrest for a parole violation. He hypothesized that the search and arrest were engineered by a specific parole officer, whom Henry contends was a defendant in his civil suit, to deliberately interfere with his trial preparation and tarnish his credibility as a witness. Henry additionally argues that he was prejudiced by the presence of a uniformed Westchester County corrections officer at the trial. He did not otherwise challenge the district court's summary judgment decision or the evidentiary basis for the jury's verdict. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Abandonment of Claims

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). However, *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their

briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . ."). Nor will we decide issues that a *pro se* appellant raises in his brief only "in passing." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Here, Henry's opening brief fails to address the district court's decision granting summary judgment on the majority of the claims, fails to attack the evidentiary basis for the jury's verdict for the defense with respect to the excessive force, assault, and battery claims, and does not raise general issues of trial error. These dispositive issues are thus abandoned, and we affirm on that basis. *See LoSacco*, 71 F.3d at 92–93.

**II.     2021 Search and Arrest**

Henry's principal argument on appeal is that the 2021 search and arrest were engineered by a parole officer with the intent to prejudice Henry's civil trial preparation and credibility as a witness. But we cannot adjudicate this new

claim on appeal because doing so would require appellate factfinding—specifically, that the parole officer was the impetus behind the search and that the search and arrest occurred for the purpose of interfering with Henry's trial. "Factfinding is the basic responsibility of district courts, rather than appellate courts, and the Court of Appeals should not resolve in the first instance a factual dispute which has not been considered by the District Court." *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) (alteration marks omitted) (quoting *DeMarco v. United States*, 415 U.S. 449, 450 n.* (1974)). Therefore, we cannot and do not reach Henry's arguments regarding the 2021 search and his subsequent arrest.

### III.    Uniformed Corrections Officer

Finally, Henry contends that he was prejudiced by the presence of a uniformed Westchester County corrections officer during the trial. But as the defendants point out, there is nothing in the record suggesting that a uniformed corrections officer was present during the trial. Instead, Deputy U.S. Marshals were seated in the courtroom "in some proximity to the plaintiff," but the trial judge agreed to ensure that the parties would be "in their places when the jury

6

enters or leaves so that there is no association of the marshals specifically with the plaintiff." Record on Appeal Trial Tr. at 3–4. Plaintiff's counsel indicated that she understood, and neither counsel nor plaintiff raised any objection to this arrangement. *See id.* at 4. And even if there were uniformed corrections officers at trial whose presence caused Henry prejudice in the way he suggests, his failure to preserve this issue for the record renders it functionally unreviewable on appeal. *See United States v. Mulvey*, 232 F. 513, 519 (2d Cir. 1916) (where "[t]here is no record" of a matter below, a court of appeals is "precluded from passing upon the merits" because of its absence).

We have considered Henry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court